399 A.2d 207 (1979)
J. D. P., Petitioner below, Appellant and Cross-Appellee,
v.
F. J. H. (formerly known as F. J. P.), Respondent below, Appellee and Cross-Appellant.
Supreme Court of Delaware.
Submitted December 19, 1978.
Decided March 12, 1979.
William H. Vaughn of Vaughn & Vaughn, Dover, for petitioner.
A. Richard Barros and Barbara Miller of Brown, Shiels & Barros, Dover, for respondent.
Before HERRMANN, C. J., and DUFFY, McNEILLY and QUILLEN, JJ., constituting the Court en Banc.
*209 DUFFY, Justice:
This appeal is from a judgment of the Family Court granting relief ancillary to a decree divorcing the parties. The question is whether an increase, during the marriage, in the value of retained earnings of a corporation controlled by one spouse may be considered "marital property" under 13 Del.C. § 1513.

I
The parties were married in 1969. At that time, the husband owned sixty-five percent of the outstanding common stock in each of two Delaware corporations. It is agreed that, during the marriage, the retained earnings of each corporation increased significantly. It is not agreed how such accumulations should be divided upon dissolution of the marriage.
Under the Delaware Divorce and Annulment Act (the Act), 13 Del.C. ch. 15, all property acquired by either spouse subsequent to marriage is presumed to be "marital property" and, thus, subject to division by the Family Court upon divorce. A spouse may, however, rebut such presumption by showing that property acquired after marriage fits into one of the three statutory categories, that is,
(1) the property was acquired in exchange for property acquired prior to the marriage; or
(2) the property is excluded by a valid agreement between the spouses; or
(3) the property results from an increase in the value of property acquired prior to the marriage.
13 Del.C. § 1513(b)(c).
The husband contends that the increase in retained corporate earnings falls within the third classification because it is reflected only by an increase in the value (presumably, the book value) of stock which he had owned prior to marriage. The wife argues that the retained earnings are simply undistributed current income and have no pertinent relationship to the value of the previously acquired stock. The Family Court included the increase in retained earnings of each corporation in determining *210 the total value of the marital property, and the husband appeals from that ruling.[1]

II
The Act states that it must be "liberally construed" to promote its purposes. § 1502. One explicit purpose is to "mitigate the potential harm to spouses ... caused by the process of legal dissolution of marriage." § 1502(2). The major statutory vehicle by which that purpose is to be accomplished is § 1513, which vests broad power in the Family Court to "equitably divide ... the marital property .. in such proportions as the Court deems just after considering all relevant factors." § 1513(a). Construction of § 1513, therefore, must be undertaken with a view toward mitigating the potential harm to each party after the divorce.
It is pertinent to note, at this point, that the current law is substantially different from the predecessor statute which was construed in M. v. M., Del.Supr., 321 A.2d 115 (1974). Unlike the prior law, § 1513, on its face, does not favor the wife over the husband. Rather, there is a broad definition of marital property and a wide discretion vested in the Family Court to assign any of that property to either or both of the spouses.
Against that background, we consider the contention of the husband that the Court should rule, in effect, that retained earnings of a corporation controlled by one of the spouses cannot be, that is, can never be, marital property, as a matter of law.

III
Given the broad, remedial purpose of the Act, with its mandate to the Court to equitably divide all property which spouses acquired after marriage (with few exceptions), and to do that in a way which will mitigate potential harm to the spouses (caused by the divorce), we must reject the rigid and dogmatic construction of the statute for which the husband argues. To hold otherwise would seriously limit the Court in the exercise of its equitable powers and invite evasion of the property division law and consequent injury to a spouse and, at the same time, deny a remedy to that spouse.
This is to say that if retained corporate earnings were regarded in every instance as a § 1513(b)(3) exemption from "marital property," then the spouse who controls the corporation (including, for example, its salary and dividend practices) would have the power to determine whether earnings are to be retained and thus insulated from all legal and equitable claims of the other spouse. Certainly a statute which commands a Court to "equitably divide," § 1513(a), property between spouses is not intended to give that sort of unilateral control to one of them. The power to control the disposition of corporate earnings, that is, to distribute or retain them, is the critical factor in this case and distinguishes it from one in which the value of property owned prior to marriage is enhanced by *211 circumstances not subject to control by the spouse.
We hold that an increase, during the marriage, in retained earnings of a corporation controlled by a spouse may be included in the calculation of the couple's marital property.[2]
As we have emphasized, our decision is based on a construction of § 1513(b)(3), read in light of the purpose of the property division statute and consideration of a contrary interpretation. We do not mean that an increase in retained earnings must always be included when the value of marital property is determined. Certainly not. Rather, our view is that such an increase must not be excluded in every instance.
We recognize that it is far easier to announce this construction of § 1513(b) than it is to apply it. But in applying it, the Court must keep in mind that the public policy, mandated in the Act, is to "equitably divide" marital property. That will include a consideration of the values which are at stake, whether the increase in retained earnings resulted from a natural enhancement over which the controlling spouse had little or no control, whether such increase resulted from ordinary and necessary business reasons, whether such increase resulted from an intentional purpose by the controlling spouse to prevent earnings from becoming marital property, the impact of any order on other stockholders, on the corporation and on others with an interest in it; the State and Federal tax consequences of any order on each spouse and the corporation. This listing is illustrative, only, and is not intended to limit the Court as it seeks to do justice under the statute. The Court's purpose must be, not to punish a spouse for the way in which corporate control had been exercised, but to take the property interests as it finds them and to do justice between the spouses by applying the statutory criteria.
The burden of proof rests upon the spouse seeking to prove that an increase in retained earnings is an exception under § 1513(b)(3). It is for the Family Court to determine whether, in the first instance, that burden has been met in each case. Such ruling, of course, is reviewable under the usual standards.

* * * * * *
We are not satisfied that the Trial Court considered all of the pertinent factors, including, particularly, the tax consequences of its order and, for that reason, the case must be remanded.

IV
Both parties raise additional issues and, as to all but one of these, we affirm the rulings by the Trial Court.
The husband contends that the Family Court failed to recognize that he owned an individual half interest in a parcel of land prior to marriage and acquired the remaining half interest during the marriage; the Court determined that the entire parcel was marital property.
The Family Court opinion does not discuss the undivided half-interest owned by the husband prior to marriage. It is not clear whether the Trial Judge overlooked the fact of prior ownership, which is undisputed and which would remove that half-interest from the controversy over "marital property," see 13 Del.C. § 1513(b)(1), or whether, as the wife contends, the Trial Judge considered the current value of improvements to the property. To resolve this ambiguity, we remand the issue for further consideration and clarifying order or opinion by the Family Court.
*212 The wife argues that the Family Court should have included as marital property certain land and mobile homes held in the husband's name alone, but claimed for tax purposes as joint property. As to this contention, there is evidence to support the Court's findings of fact, and the discretion vested in the Court to divide marital property is broad, see M. v. M., supra. The wife has not established reversible error in this ruling.
The wife also contends that the Family Court should have granted a hearing on her request for permanent alimony before denying it. The Court, however, found that the wife had contractually waived her right to alimony, and so was without a remedy under § 1512(c). This finding will not be disturbed on appeal.
Finally, the wife contends that Family Court should have awarded her expert witness fees. The Court may, pursuant to § 1515, order one party to pay part or all of the other party's costs and attorney's fees. In this case, the Court awarded a substantial sum for attorney fees and, given its broad discretion to award fees and costs, or to deny them, abuse has not been shown.
Remanded for proceedings consistent herewith.
NOTES
[1] The record does not include a precise definition of "retained earnings," but the parties do not differ as to what is meant in this case. We have assumed, as did the Trial Court, that here the term describes corporate net income which would be available for distribution as dividends, for payment of wages, salaries and bonuses, and other proper corporate purposes. In one sense, earnings generated and retained after the marriage are not an increase in the value of property acquired prior to the marriage  by definition, post-marriage earnings add to rather than "increase in the value of" earnings accumulated prior to marriage. But the parties have focused on the impact of earnings on the book value of the corporate stock and regarded the "shares" as the "property acquired prior to the marriage." For that reason we have analyzed the problem in the same way.

There is some discussion in the briefs about "piercing the corporate veil," but that doctrine is usually limited to situations involving fraud or when a corporation is an alter ego of its owners. See Folk, The Delaware General Corporation Law and cases cited § 329(3). The stockholders are the equitable owners of the property and assets of the corporation, State v. Loft, Inc., 34 Del. 538, 156 A. 170 (1931); 11 Fletcher Cyclopedia Corporations § 5100 (Rev.1971), and it is more accurate to describe this case as one in which the Court is asked to divide the husband's equitable interest in a corporation which he controls.
[2] Davis v. Davis, Mo.App., 544 S.W.2d 259 (1976), on which the husband relies, applied the literal language of a statute comparable to § 1513(b)(3) and refused to declare that corporate assets acquired prior to the marriage were community property. To the extent that our statute is regarded as comparable to Missouri's, we can only say that, in our opinion, our General Assembly intended that cases under our statute should be governed by equitable principles in accordance with the tradition of domestic litigation and the remedial purpose of the whole Act.