WIFE (L. R.), Petitioner, Appellant,

v.

HUSBAND (N. G.), Respondent,
Appellee.

Supreme Court of Delaware.

Submitted May 11, 1979.

Decided July 25, 1979.

Gerald Z. Berkowitz and Robert Burton Coonin, of Knecht, Greenstein, Schagrin & Berkowitz, Wilmington, for petitioner-appellant.

John E. Babiarz, Jr., of Biondi & Babiarz, P.A., Wilmington, for respondent-appellee.

Before DUFFY, QUILLEN and HORSEY, JJ.

PER CURIAM:

In this appeal from an order of the Family Court dividing marital property after divorce, 13 *Del.C.* § 1513, the significant issue concerns the division of the equity in the family home, which was owned by the parties in a tenancy by the entirety.

The Family Court determined that the property, which had a current value of

$150,000 subject to a $68,000 mortgage, was a "marital asset" but limited the wife's share therein to "only 25% of the increase in the value" after it was acquired. The purchase price was $123,000, so the assignment to the wife amounted to $6,750 (25% × the difference between $150,000 and $123,000). The wife's appeal focuses on that ruling.

The equity which the parties have in the property is $82,000, and one-half of that is, of course, $41,000. In explaining why only $6,750 thereof was assigned to the wife, the Court referred to "the shortness of the marriage, the assets which wife has already removed and other awards made herein."

■ The award made by the Court to the wife, together with the assets which the wife had removed, may "equitably divide" the marital property, which is the Court's duty under § 1513; but we are not certain of that on the present record. Many of the assets divided, including the real property, were owned by the parties as tenants by the entirety. That means that the wife had legal and equitable title to an undivided interest in each such asset. Cf. *Steigler v. Insurance Co. of North America,* Del.Supr., 384 A.2d 398 (1978). To the extent that the Trial Court's order takes away any such interest and assigns it to the husband, then the Court's reason for doing so must be supported under the criteria stated in § 1513.

It is our understanding that the Court divided equally a bond, a tax refund and a savings account; the wife also received household furniture, a piano, jewelry,[1] an automobile and personal clothing. Apparently, these were what the Trial Court had in mind when it referred to assets which the wife had removed and to other awards made as the counterbalancing rationale for divesting the wife of a substantial part of her existing interest in the real property.

■ We have repeatedly emphasized that Family Court has a broad discretion in dividing marital property under § 1513, cf. *J.D.P. v. F.J.H.,* Del.Supr., 399 A.2d 207 (1979), and nothing said herein is intended to weaken that principle. However, we are unable to conclude that the Court did not abuse its discretion; the present record does not show that the value of the property removed by and assigned to the wife amounted to an equitable division, particularly because some $34,250 of her equity in the real property was assigned by the Court to the husband. The Court has the power to require such a transfer but, given the wife's legal and equitable interest in the property at the time of hearing, she is entitled to have the Court apply the § 1513 criteria before that is done. The husband's assets and income far exceed those of the wife[2] and, while the shortness of the marriage may be a persuasive factor for limiting assignment of his property to the wife, it does not make sense to use it as a basis for divesting the wife of what she has and giving it to the husband.

\* \* \* \* \* \*

■ We have concluded that justice will best be served by a remand to the Family Court so that it may consider the wife's legal and equitable interest in the real property and the origin of that interest. As to the latter, see *Hanby v. Hanby,* Del.Supr., 245 A.2d 428, 430 (1968). It will also be helpful on review to know what values the Court attaches to the assets received by or assigned to the wife and the husband, respectively, for § 1513 purposes. On remand, the Court may enter such orders as it deems appropriate.

Jurisdiction is reserved. The case is to be returned to this Court by September 14, 1979.

---

1. The principal item of jewelry is a diamond ring, appraised at $10,000, but it appears to be non-marital property.

2. The wife has an annual income of about $10,-000 and little capital. The husband has an annual income of about $100,000 and a net worth of approximately $600,000.