**HUSBAND T.N.S., Petitioner Below, Appellant,**

v.

**WIFE A.M.S., Respondent Below, Appellee.**

Supreme Court of Delaware.

Submitted April 12, 1979.

Decided Sept. 10, 1979.

James F. Kruzinski, Wilmington, for petitioner below, appellant.

Thomas J. Eastburn, of Eastburn & Eastburn, Wilmington, for respondent below, appellee.

Before HERRMANN, C. J., QUILLEN and HORSEY, JJ.

HERRMANN, Chief Justice:

The petitioner-husband appeals from a property division by the Family Court ancillary to a decree divorcing the parties. The husband disputes the Court's characterization of certain property as "marital property" under 13 *Del.C.* § 1513,* and contends

---

* 13 *Del.C.* § 1513, provides in pertinent part:

"§ 1513. Disposition of marital property; imposition of lien; insurance policies.

"(a) In a proceeding for divorce or annulment, the Court shall, upon request of either party, equitably divide, distribute and assign the marital property between the parties without regard to marital misconduct, in such proportions as the Court deems just after considering all relevant factors including:

"(1) The length of the marriage;

"(2) Any prior marriage of the party;

"(3) The age, health, station, amount and sources of income, vocational skills, employa-

bility, estate, liabilities and needs of each of the parties;

"(4) Whether the property award is in lieu of or in addition to alimony;

"(5) The opportunity of each for future acquisitions of capital assets and income;

"(6) The contribution or dissipation of each party in the acquisition, preservation, depreciation or appreciation of the marital property, including the contribution of a party as homemaker or husband;

"(7) The value of the property set apart to each party;

"(8) The economic circumstances of each party at the time the division of property is to

that the Court's division of the property was inequitable.

## I.

When the parties were married in 1961, the husband had about $20,000 in savings which he held in his own name. After approximately seven years of marriage, in an effort "to please" his wife, the husband invested these funds in certificates of deposit and a savings account which he placed in both his and his wife's names jointly. When their marriage began to falter in 1973, the husband transferred title in the certificates and the savings account to himself and his sister, without his wife's consent. The parties separated in 1974, and the husband filed for divorce in 1977. The Family Court granted the divorce decree and conducted an ancillary proceeding for division of the marital property. The Trial Judge concluded that the certificates of deposit and savings account (hereinafter "the fund") constituted marital property under § 1513; and the Court awarded $12,000 thereof to the wife.

The husband died shortly after the entry of the order below. Upon the suggestion of his death upon the record, the husband's sister, as executrix of his estate, was substituted herein as the appellant.

## II.

■ The husband argues that the fund was not "marital property" under § 1513, contending that the Statute manifests a legislative intent to "restore to a party that property which he or she brought into the marriage or which can clearly be traced back to property which that party brought into the marriage." Because the fund unquestionably was brought into the marriage by the husband and can be traced back as his pre-marital property, he argues that it did not become marital property, even though he later placed title to it in both his and his wife's names jointly. We find this contention unacceptable, and reject the husband's argument that because the fund was brought into the marriage as non-marital property, it could not later become marital property. There is nothing in the Statute, explicit or implicit, to warrant that conclusion.

We find support for this conclusion in *Klingberg v. Klingberg,* Ill.App., 68 Ill. App.3d 513, 25 Ill.Dec. 246, 249, 386 N.E.2d 517, 520 (1979). When confronted with a similar statute and set of facts, the Court there rejected the contention "that non-marital property remains as such no matter how it is held," and held that by placing her separate pre-marital money in a joint bank account during the marriage, the wife manifested an intent that the funds become marital property. Similarly, in *Painter v. Painter,* N.J.Supr., 65 N.J. 196, 320 A.2d 484, 494–95 (1974), the Court concluded that the Legislature intended that "all property, regardless of its source, in which a spouse acquires an interest during the marriage shall be eligible for distribution in the event of divorce"; and, on this basis, held that property acquired by gift, bequest, or devise is marital property eligible for distribution.

Our rejection of the husband's position is consistent with our conclusion that under

become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the party with whom any children of the marriage will live;

"(9) Whether the property was acquired by gift, bequest, devise or descent;

"(10) The debts of the parties; and

"(11) Tax consequences.

"(b) For purposes of this chapter only, 'marital property' means all property acquired by either party subsequent to the marriage except:

"(1) Property acquired in exchange for property acquired prior to the marriage;

"(2) Property excluded by valid agreement of the parties; and

"(3) The increase in value of property acquired prior to the marriage.

"(c) All property acquired by either party subsequent to the marriage is presumed to be marital property regardless of whether title is held individually or by the parties in some form of co-ownership such as joint tenancy, tenancy in common or tenancy by the entirety. The presumption of marital property is overcome by a showing that the property was acquired by a method listed in subdivisions (1) through (3) of subsection (b) of this section."

§ 1513 "there is a broad definition of marital property and a wide discretion vested in the Family Court to assign any of that property to either or both of the spouses." *J.D.P. v. F.J.H.*, Del.Supr., 399 A.2d 207, 210 (1979).

Having rejected the husband's position that the status of non-marital property is immutable, the question becomes whether the Trial Court erred in its determination that the fund here involved had become "marital property" when the husband placed title to it in his and his wife's names jointly.

The Trial Court ruled as follows:

"The Court is satisfied that [the husband] intended that the certificates and savings account should become joint property at the time he placed title to them in his and his wife's name jointly. * * *."

■ Placing the fund in the names of both of the parties jointly gave the wife a marital interest in the property; it became "marital property" as to her under 1513(b), because it literally became "property acquired by either party [here, the wife] subsequent to the marriage . . . ." The determination ultimately depends on the husband's intent at the time that he transferred title to his wife and himself jointly. Having heard the testimony of the parties, the Trial Court is in the best position to ascertain that intent. The Trial Court's finding and conclusion in this regard is amply supported by the record and will not be disturbed.

■ Relying on *Young v. Young*, Me. Supr., 329 A.2d 386 (1974), the husband argues that it was not possible for him to have had the intent to create "marital property" under § 1513 when he placed the fund in joint names in 1968, because the governing provisions of § 1513 did not become effective until July, 1974. We find no merit in this contention. The Statute was in effect when the husband filed this action for divorce in December, 1974, and reached back to acts of the parties prior to the Statute's effective date. This conclusion is essential to the logical and practical opera-

tion of the Divorce Statute. We are in accord with the view that "the legislative policy in dealing with the consequences of divorce should be given effect at the earliest possible date, where vested rights, such as rights arising from contracts between the parties, are not impaired." *Husband B. v. Wife B.*, Del.Super., 396 A.2d 169, 171 (1978). We cannot agree with the rationale of *Young.*

### III.

Having concluded that the Family Court did not err in its conclusion that the fund in question was marital property, we reach the petitioner's contention that the Family Court's award to the wife of $12,000 was inequitable.

■ Our review of the record demonstrates that the Trial Court considered and properly applied to its division of the property the relevant factors listed in § 1513(a). "We have repeatedly emphasized that Family Court has a broad discretion in dividing marital property under § 1513." *Wife (L.R.) v. Husband (N.G.)*, Del.Supr., 406 A.2d 34 (1979). It is concluded that there was no abuse of that discretion in this case.

### IV.

As noted above, the husband died shortly after the entry of the Family Court's order, and this appeal has been pursued by his sister as executrix of his estate. The sister did not become a party in the property division proceedings either by action of the parties or the Court, or by intervention or otherwise, although it is clear (1) that the Trial Court knew that title to the fund was held in the sister's name jointly with the husband; and (2) that the sister was fully aware that the wife's rights in the fund were being litigated in the ancillary proceedings.

Although the record made by the husband below represented the fund to be his property solely, it is here argued by the sister-executrix for the first time that because the petitioner transferred title to the fund to his and her names, she has had a

personal property interest in the fund and, therefore, should have been made a party in her own right in the Family Court proceedings dealing with the fund. The sister-executrix contends that any award out of the fund to the wife as a division of marital property would violate due process of law as to her.

■ This issue, raised for the first time here, might well be summarily dismissed under Rule 8.** However, out of an abundance of caution for the due process rights now being asserted, we affirm with the direction that in the implementation of its Order, unless the award is paid out of other assets of the petitioner's estate, the Trial Court shall afford to the sister, individually and as executrix, full due process rights upon a rule to show cause why the $12,000 awarded to the wife should not be paid forthwith out of the fund here in controversy.

\* \* \* \*

Affirmed.

---

** Supreme Court Rule 8 provides: "Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the Court may consider and determine any question not so presented."