WIFE (L. R.), Petitioner, Appellant,

v.

HUSBAND (N. G.), Respondent, Appellee.

Supreme Court of Delaware.

Submitted Sept. 14, 1979.

Decided Feb. 6, 1980.

Gerald Z. Berkowitz and Robert Burton Coonin, of Knecht, Greenstein, Schagrin & Berkowitz, Wilmington, for petitioner, appellant.

John E. Babiarz, Jr., of Morris, Nichols, Arsht & Tunnell, Wilmington, for respondent, appellee.

Before DUFFY, QUILLEN and HORSEY, JJ.

PER CURIAM.

This case is an appeal from an order of the Family Court dividing marital property after divorce. 13 *Del.C.* § 1513. In a prior opinion, the case was remanded for: (1) consideration, in relation to the marital property division and the statutory criteria, of the wife's legal and equitable interest in the real property and the origin of that interest; and (2) attachment of values to the assets received by or assigned to the wife and the husband, respectively. The Family Court was specifically authorized to "enter such orders as it deems appropriate." *Wife (L.R.) v. Husband (N.G.)*, Del.Supr., 406 A.2d 34 (1979).

On remand, the Trial Judge, after receiving supplemental memoranda from counsel, entered in the record a concise and complete report on asset distribution and values thereof, considered at length the wife's interest in the real property, and adhered to the original division of marital property.

As we noted in our prior opinion in this matter, the Family Court has a broad discretion in dividing marital property under § 1513. *J.D.P. v. F.J.H.*, Del.Supr., 399 A.2d 207 (1979). For guidelines imposed in trials held after December 10, 1979, see *Husband R.T.G. v. Wife G.K.G.*, Del. Supr., 410 A.2d 155 (1979). We review the Family Court's ruling to determine if there was an abuse of discretion. *A.I.D. v. P.M.D.*, Del.Supr., 408 A.2d 940 (1979). If there was no abuse of discretion, we must affirm even if we would have reached different conclusions had we been the trier of fact. *Wife (J.F.V.) v. Husband (O.W.V., Jr.)*, Del.Supr., 402 A.2d 1202, 1204 (1979).

In light of these well-established principles of our scope of review, we examine what the Trial Court did in this case. The chief item in issue is the family residence.

The Family Court had determined that the residential property, which was owned by the parties in a tenancy by the entirety and in which they had an equity of $82,000, was a marital asset but limited the wife's share therein to 25% of the increase in value after it was acquired. Under that formula, the share assigned to the wife amounted to $6,750, the share assigned to the husband was valued at $75,250. After remand, the Family Court reaffirmed its conclusion in regard to the residence as well as its other conclusions. The value of all marital property (including the residence) amounted to some $122,000, out of which the Family Court assigned about $40,000 to the wife and $82,000 to the husband.

The division appears to favor the husband to a very substantial degree, especially in light of the nature of certain property assigned to the wife ($21,000 for clothes at cost and a piano), the high disparity of annual income (in excess of $50,000 for the husband and $10,000 for the wife) and the high disparity of net worth (in excess of $500,000 for the husband and little for the wife).

But the two opinions of the Family Court demonstrate a thoughtful exercise of discretion with detailed and specific reliance on the statutory factors. In particular, the Family Court noted: the shortness of the marriage, two and one-half years [§ 1513(a)(1)]; the husband's sole responsibility for the acquisition, preservation and appreciation of the marital property [§ 1513(a)(6)]; the dissipation of marital assets by the wife [§ 1513(a)(6)]; the husband's extremely poor health and the jeopardy to his income and net worth due to health problems [§ 1513(a)(3)]; the husband's age and shorter life expectancy [§ 1513(a)(3)]; the premarital origin of the husband's funds used for improvements to the real property [§ 1513(a)(9)]. The Trial Judge "did not . . . believe" originally and still "[did] not believe" on remand that the wife in this "Cinderella" marriage "should retain any substantial part of the equity" in the family residence. We cannot conclude that his carefully considered view constituted an abuse of discretion.

The judgment of the Family Court is affirmed.