**William J. LINDER, Petitioner Below, Appellant,**

v.

**Margaret LINDER, Respondent Below, Appellee.**

Supreme Court of Delaware.

Submitted: April 30, 1985.

Decided: July 23, 1985.

Michael K. Newell of Bayard, Handelman & Murdock, P.A., Wilmington, for appellant.

Lawrence M. Sullivan, Wilmington, for appellee.

Before McNEILLY, MOORE and CHRISTIE, JJ.

McNEILLY, Justice:

This is an appeal from an order of the Family Court with respect to ancillary matters in a divorce proceeding instituted by petitioner ("Husband"). Husband raises issues in this appeal relating to the division of property, and the award of alimony to respondent ("Wife"). We AFFIRM in part, REVERSE in part and REMAND this case to the Family Court for possible modification of its award of alimony in light of our reversal of a portion of the property division.

I

At the time of the ancillary hearing, Husband was sixty-eight years old and Wife was seventy-two years old. The parties were married on March 18, 1972, separated on June 5, 1979, and divorced on May 23, 1983. It was the second marriage for Wife, who was previously widowed, and the third marriage for Husband, both of his prior marriages having ended in divorce.

Neither Husband nor Wife are currently employed. In September, 1977, Husband suffered a stroke and became permanently disabled. Subsequently, he retired from his employment as a research technician for the duPont Company. He receives $642.00 net per month in pension benefits and $695.00 per month from Social Security. Wife suffers from a hiatal hernia and skin cancer. She receives $326.00 per month from Social Security.

At the time of their marriage, each party owned pre-marital real estate. Husband owned and still owns a home located in Wilmington, Delaware, in which the parties resided during the course of their marriage. Wife owned a house in Brigantine, New Jersey which she sold at the time of their marriage. The net proceeds from the sale of Wife's property, $9,800.00, were deposited by Wife into a joint federal credit union account ("the account") with Husband. Both parties made withdrawals from the account during the course of their marriage. It is uncontested that Husband replaced all his withdrawals, while Wife has not. When the parties separated, Wife removed the remaining $5,800.00 from the account.

On August 21, 1983, in a well written opinion, the Family Court issued its deci-

sion on ancillary matters. The Court made an award to Wife for the dissipation of the account, awarded Wife a share of Husband's pension, divided $12,500. in assets (65% to Wife and 35% to Husband), and awarded Wife $250.00 per month alimony for two years.

Husband raises three issues on this appeal. He contends the Family Court erred (1) in ordering him to compensate Wife $15,065.13 for the dissipation of the account, (2) in considering Husband's pension plan as both a marital asset and income for alimony purposes, and (3) in disallowing Husband alimony credit for the amount of support he provided Wife during separation.

## II

We have articulated in our prior opinions that the Family Court has broad discretion in the division of marital property pursuant to 13 *Del.C.* § 1513. *J.D.P. v. F.J.H.*, Del. Supr., 399 A.2d 207 (1979), *Wife (L.R.) v. Husband (N.G.)*, Del.Supr. 412 A.2d 333 (1980). Our review of the Family Court's ruling pertaining to the division of property is limited to the issue of whether the Family Court abused its discretion. Applying this standard of review, we examine Husband's contention that the Family Court erred in ordering him to compensate Wife for the dissipation of the account.

In ordering Husband to compensate Wife $15,065.13 for the dissipation of the account, the Family Court reasoned that if the initial balance in the account, in the amount of $9,800.00, was left untouched during the eleven year marriage, it would have grown to $20,865.13 at the date of their divorce.[1] Therefore, the Court concluded that Husband was responsible to Wife for the difference between $20,865.13 and $5,800. left in the account, which is $15,065.13.

The Family Court's ruling seems to be based upon the proposition that a spouse is entitled to take away from the marriage what the spouse brought to the marriage plus the income it produced (or should have produced) without regard to the actual uses and dispositions which the parties made of the account and its income during the marriage. We cannot accept this proposition. Such a proposition has no basis in Delaware law.

Here, the uses, and dispositions the parties made of the account negate the Family Court's ruling that Husband should compensate Wife $15,065.13. In addition to withdrawing $5,800. which was left in the account at the time of the divorce, Wife admits to withdrawing approximately $4,000. from the fund during the course of the marriage. Thus, she has already gotten back her principal of $9,800. There is also evidence that Wife withdrew interest from the account as it was declared throughout the period of the marriage. Although it is uncontested that Husband made several withdrawals from the account, it is also uncontested that he replaced every penny he borrowed. Against this factual situation, to order Husband to pay Wife $15,065.13 is to construct a fantasy world in which the account of $9,800. was never touched by Wife and earned interest of 6.5% compounded annually for the duration of the marriage. Such a construction by the Family Court is an abuse of its discretion. The cause for the lack of appreciation of the account seems to be just as much Wife's fault, due to Wife's withdrawals, as it is due to Husband's borrowings.[2]

Therefore, the Family Court decision that Husband compensate Wife $15,065.13 for the dissipation of the account is reversed,

---

1. The Family Court calculation is based upon the annual interest rate of the account of 6.5%, compounded annually.

2. At most the Family Court could have factored into its division of property the benefit Husband

received from the use of an interest-free loan from Wife. Even this seems to have been inappropriate here since Wife neither sought nor expected any interest from Husband for the use of the account money.

and is hereby stricken from the Family Court Order of August 21, 1984.[3]

In our reading of the Family Court Order, it seems that the Court considered its ordered lump-sum payment of $15,065.13 from Husband to Wife in its calculation of the amount of alimony Wife was to receive. In light of our reversal of that lump-sum payment, we remand this case back to Family Court for a possible recalculation of the alimony Wife is entitled to pursuant to 13 *Del.C.* § 1512.

### III

Husband's last two contentions that the Family Court erred in considering Husband's pension plan as both a marital asset and income for alimony purposes, and further erred by disallowing Husband alimony credit for the amount of support he already provided Wife during separation, are without merit. As with the division of property, the Family Court's rulings on the award of alimony are reviewed for an abuse of discretion. *R.E.T. v. A.L.T.*, Del.Supr., 410 A.2d 166, 168 (1979).

The Family Court correctly awarded Wife a portion of Husband's pension in accord with our decision in *Jerry L.C. v. Lucille H.C.*, Del.Supr., 448 A.2d 223 (1982). In addition, we conclude that the

3. Although our review of the Family Court's division of property assumes that the Family Court had jurisdiction to even award $15,065.13 for the alleged dissipation of the account, jurisdiction here is controverted. It is contended by Husband that the award was of pre-marital assets of Wife which the Family Court is without jurisdiction to make, while Wife contends that the award was of marital property since when the money from the liquidation of Wife's premarital real estate was put into the joint account, it was a gift to Husband and therefore marital property under 13 *Del.C.* § 1513(d), and *Husband T.N.S. v. Wife A.M.S.*, Del.Supr., 407 A.2d 1045 (1979). We need not determine whether jurisdiction existed because even if it did, the Family Court's award of $15,065.13 was an abuse of discretion.

4. 13 *Del.C.* § 1512(c) provides:
    (c) The alimony order shall be in. such amounts and for such time, except as limited in time under subsection (a) of this section, as the Court shall deem just without regard to marital

Family Court did not abuse its discretion in the calculation of alimony when it made such an award in consideration of the factors enumerated in 13 *Del.C.* § 1512(c).[4]

misconduct and after considering all relevant factors justified by the evidence, including:
    (1) Financial resources of the party seeking alimony including marital property apportioned to him or her, and his or her ability to meet his or her needs independently, including the extent to which a provision for support of a child living with such party includes a sum for that party as custodian;
    (2) Time necessary to acquire sufficient education or training to enable the party seeking alimony to find appropriate employment;
    (3) Standard of living established during the marriage;
    (4) Duration of the marriage;
    (5) Age, and the physical and emotional condition of the party seeking alimony;
    (6) Ability of the other party to meet his or her needs while meeting those of the party seeking alimony; and
    (7) Tax consequences.