Karen MORGAN,* Petitioner,

v.

Charles POWELL/DFS, Respondent.

No. JN91–2642.

Family Court of Delaware,
New Castle County.

Submitted July 22, 1994.
Decided Sept. 20, 1994.

* Pseudonyms were adopted by the Court to protect the privacy of the parties.

**1244**

Daniel G. Atkins, Community Legal Aid Society, Inc., Wilmington, for petitioner.

Wendy A. Rising, Dept. of Justice, Wilmington, for respondent.

JAMES, Judge.

On or about October 1st, 1993, Ms. Karen Morgan voluntarily placed her two children, Walter, Jr. and Karl in the physical custody of her friend, Ms. Natalie Peters. On January 25, 1994, Charles Powell of the Division of Family Services (DFS) filed a petition for custody of Ms. Morgan's children alleging that the children were dependent. In her answer to the petition, Ms. Morgan counterclaimed against Charles Powell and DFS alleging that the state failed to carry out its duties pursuant to 29 *Del.C.* § 9003 by providing her with inadequate reunification services. Ms. Morgan also asserts that by failing to provide adequate services, DFS violated her rights to due process and to relate to her children as a family, under the Delaware Constitution and the United States Constitution ("Constitution"). Ms. Morgan is seeking declaratory relief for her federal claim under 42 U.S.C. § 1983 ("§ 1983").

On May 27, 1994, one week before the adjudicatory hearing on DFS's petition for custody, DFS removed the children from their foster home, placed them with their natural father, Walter Morgan, Sr., and then sought to withdraw its petition for custody and terminate its obligation to provide services to Ms. Morgan. At the hearing on June 3, 1994, Ms. Morgan's attorney opposed DFS' petition to withdraw. However, on June 15, 1994 the master who presided over the hearing entered an order permitting DFS to withdraw its petition for custody, and dismissing Ms. Morgan's § 1983 action holding that the Family Court of Delaware does not have subject matter jurisdiction to entertain § 1983 actions. On June 21, 1994, Ms. Morgan filed a petition requesting a Review de Novo only of the portion of the Court's decision dealing with Family Court's jurisdiction to hear § 1983 actions.[1]

On July 14, 1994, a teleconference with counsel for both Ms. Morgan and DFS was held before the Honorable Jay Paul James. The status of the pending Review de Novo was discussed. After discussion, counsel agreed to submit simultaneous memoranda no later than Friday, July 22, 1994, on the issue of whether or not Family Court has jurisdiction to hear § 1983 actions. As set forth below, this Court finds that it does have jurisdiction to entertain petitioner's § 1983 action. However, petitioner's § 1983 action must fail because the facts, as presented by the petitioner, indicate that her rights under the United States Constitution have not been violated.

In reaching its decision the Court considered: i) whether it has jurisdiction over petitioner's state law claims; ii) whether having jurisdiction over petitioner's state law claims gives the Court the power to address petitioner's claim that her rights under the United States Constitution have been violated; iii) whether the Court may refuse to address petitioner's Constitutional claim simply because she is seeking a § 1983 remedy; and

---

1. Although the Court permitted that DFS' voluntarily withdraw its petition for custody, the Court is not relieved from its obligation to rule on Ms. Morgan's counterclaims. Fam.Ct.R. 41(a)(2) provides: "If a counterclaim has been pleaded by a respondent prior to the service upon respondent of the petitioner's motion to dismiss, the action shall not be dismissed against the respondent's objections unless the counterclaim can remain pending for independent adjudication by the Court."

iv) whether the Court has statutory authority to grant a § 1983 remedy. Finally, the Court examined whether petitioner has raised a valid Constitutional claim.

■ Ms. Morgan has alleged that DFS has failed to fulfill specific duties enumerated in 29 *Del.C.* § 9003. Ms. Morgan has also alleged that by failing to provide these services, DFS violated her due process rights under the Delaware Constitution to the care and custody of her children and the integrity of her family. Section 921(3) of Title 10 of the Delaware Code provides as follows:

> [Family] Court shall have exclusive original jurisdiction in all proceedings in this State concerning: [e]nforcement of any law of this State or any subdivision or any regulation promulgated by a governmental agency, or any petitions or actions, for the education, protection, control, visitation, possession, custody, care, or support of children.

10 *Del.C.* § 921(3). Thus, Family Court has jurisdiction to consider whether DFS has failed to comply with 29 *Del.C.* § 9003 and whether it has violated Ms. Morgan's rights under the Delaware Constitution.

■ Ms. Morgan claims that by failing to adequately provide services pursuant to 29 *Del.C.* § 9003, DFS has also violated her federal Constitutional due process rights to the care and custody of her children and the integrity of her family. Article IV, Section 1 of the Delaware Constitution grants Family Court the power to address federal Constitutional issues that arise in cases over which the Court has jurisdiction. *Ward v. Ward,* Del.Fam., 537 A.2d 1063, 1065 (1987). Family Court has jurisdiction to consider petitioner's state law claims. Since the Court would not need to consider new facts or evidence with respect to petitioner's federal claim, it should address Ms. Morgan's claim that DFS has violated her federal Constitutional rights.

Furthermore, petitioner has argued that if Family Court does not hear her federal claim, but finds that DFS did fulfill its obligations under 29 *Del.C.* § 9003, her due process rights would be violated because she would be precluded from seeking redress for her federal claim in another court. Although

the Family Court of Delaware is a court of limited statutory jurisdiction, the Delaware Supreme Court has held that its jurisdiction may extend to matters where a person claims due process rights to a life, liberty or property interest and the Court already has jurisdiction over the subject of that interest. *Joseph B.P. v. Kathleen M.P.,* Del.Supr., 469 A.2d 800, 802 (1983), (citing *Husband T.N.S. v. Wife A.M.S.,* Del.Supr., 407 A.2d 1045, 1048–49 (1979) (in a divorce/property division action where Family Court characterized certain property as marital property, and third party disputed characterization alleging an interest in the property, the Delaware Supreme Court ordered Family Court to hear the third party claim to ensure that third party's due process rights would not be violated)).

Since the Family Court of Delaware's ruling on petitioner's state claim might preclude her from seeking redress in another court for an alleged violation of her Constitutional rights, Family Court should exercise jurisdiction over petitioner's federal claim.

Although state courts may entertain § 1983 actions, the United States Supreme Court has not decided whether they must hear § 1983 actions. *Martinez v. California,* 444 U.S. 277, 283 n. 7, 100 S.Ct. 553, 558 n. 7, 62 L.Ed.2d 481 (1980). However, this does not mean that states are able to reject § 1983 jurisdiction. In *Martinez,* the Supreme Court held that "where the same type of claim, arising under state law, would be enforced in state courts, the state courts are generally not free to refuse enforcement of the federal claim." *Id.* Furthermore, the Supreme Court noted in an earlier case "that the obligation of state[ ] [courts] to enforce ... federal laws is not lessened by reason of the ... remedy which [the federal laws] provide." *Testa v. Katt,* 330 U.S. 386, 391, 67 S.Ct. 810, 813, 91 L.Ed. 967 (1947).

Ms. Morgan is seeking declaratory relief for her federal claim under 42 U.S.C. § 1983.

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United

States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities, secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983 (1979).

■ Substantive rights are not created by § 1983; rather, the statute provides the method for vindicating federal rights elsewhere conferred either by federal statutes or the United States Constitution. *See Slawik v. State*, Del.Supr., 480 A.2d 636, 640 (1984). Thus, before a court may grant a § 1983 remedy, there must be a finding of a violation of rights conferred by another federal statute or by the Constitution.

Section 925(15) of Title 10 of the Delaware Code gives Family Court authority to grant § 1983 remedies. It provides: "In any civil action where jurisdiction is otherwise conferred upon the Family Court, it may enter such orders against any party to the action as the principles of equity appear to require." 10 *Del.C.* § 925(15).

Family Court has already exercised jurisdiction over an action where a party sought a § 1983 remedy. *See In the Interest of Titica Morris*, Del.Fam., File No. CS89–3742, Millman, J. (May 14, 1991). In *Morris*, the plaintiff alleged: (i) that the Adoption Assistance and Child Welfare Act mandated that the State make "reasonable efforts" to prevent removal of children from their homes and to facilitate reunification of families where removal has occurred; and (ii) that the defendant violated her rights under the statute.[2] Ms. Morgan, the petitioner in this case, also alleges that the State does have a duty to make reasonable efforts to facilitate the reunification of her family; however, she claims that the duty is imposed by the United States Constitution.

The fact that Ms. Morgan has alleged a violation of her Constitutional rights, whereas the plaintiff in *Morris* alleged a violation of rights created by a federal statute, should not deter this Court from exercising jurisdiction over Ms. Morgan's § 1983 claim.

■ Parents' rights to the care and custody of their children and "the liberty interest of parents and children to relate with one another in the context of the family, free from governmental interference" are fundamental rights protected by the due process clause of the Fourteenth Amendment to the United States Constitution. *Santosky v. Kramer*, 455 U.S. 745, 753, 102 S.Ct. 1388, 1394, 71 L.Ed.2d 599 (1982); *Paquette v. Paquette*, 146 Vt. 83, 499 A.2d 23, 29–30 (1985). Ms. Morgan alleges that DFS violated these rights by failing to provide her with "adequate reunification services." Below, this opinion addresses: (i) whether DFS restrained petitioner's liberty interests in having custody of her children and relating with them as a family; and (ii) whether DFS had an obligation to provide petitioner with any reunification services.

■ Ms. Morgan has alleged that DFS violated her due process right to the care and custody of her children. The Due Process Clause of the Fourteenth Amendment to the Constitution prohibits a state from depriving a citizen of life, liberty or property without due process of the laws. Pursuant to this clause, parents are entitled to notice and an opportunity to be heard before a state can

---

**2.** The *Morris* action was brought pursuant to an alleged violation of section 671(a)(15) of the Adoption Assistance and Child Welfare Act of 1980 (Act). This subsection of the Act notes that in order for a State to be reimbursed by the federal government for certain expenses incurred in administering foster care and adoption services, the State needs to submit a plan which provides that: in each case, reasonable efforts will be made (A) prior to the placement of a child in foster care, to prevent or eliminate the need for removal of the child from his home, and (B) to make it possible for the child to return to his home.

The plaintiff in *Morris* alleged that the Act mandated that the State in fact make "reasonable efforts" in each foster care case to facilitate reunification of parents with their children. Ms. Morgan had initially raised a claim under § 671(a)(15) also; however, she dismissed the claim due to the United States Supreme Court's holding in *Suter v. Artist M.*, 503 U.S. 347, 112 S.Ct. 1360, 118 L.Ed.2d 1 (1992), that "Section 671(a)(15) does not confer on its beneficiaries a private right enforceable in a § 1983 action".

deprive them of their right to have custody of their children.

■ Parents have the primary responsibility of meeting their children's needs. When Ms. Morgan sought DFS's help, she was experiencing difficulty in meeting her children's needs because she was not employed and could not obtain adequate housing. On or about October 1st, 1993, Ms. Morgan voluntarily placed her two children in the physical custody of her friend, Ms. Natalie Peters. On January 25, 1994, DFS filed a petition for custody of Ms. Morgan's children alleging that the children were dependent. On March 4, 1994, petitioner obtained employment and she currently resides with her mother and stepfather. Ms. Morgan's stepfather will not permit her sons to live with them. However, the children are permitted to visit their mother and have done so frequently. On May 27, 1994, the children began living with their father, Walter Morgan, Sr., and DFS subsequently withdrew its custody petition.

DFS did not deprive Ms. Morgan of her right to have custody of her children. Ms. Morgan voluntarily placed her two sons in Ms. Peters' physical custody and she maintained legal custody of them during their stay there. Furthermore, when DFS sought legal custody of the children it followed proper procedure by filing a petition for custody with this Court and giving Ms. Morgan the opportunity to defend her right to maintain custody of her children.

In paragraph one (1) of her Answer, Affirmative Defenses, and Counterclaims, dated April 5, 1994, Ms. Morgan states that if DFS had made immediate reasonable efforts to provide her with necessary services, she would not have consented to voluntary placement of her sons with Ms. Peters. Nevertheless, she suggests that once the children were placed in Ms. Peters' physical custody DFS, a government agency, had an affirmative obligation to provide her with "adequate reunification services." By allegedly failing to provide her with "adequate reunification services," Ms. Morgan claims DFS violated her right to relate with her children as a family.

■ The Due Process Clause of the Constitution imposes no affirmative obligations on a state to provide services to the general public. *DeShaney v. Winnebago County Dept. of Soc. Serv.*, 489 U.S. 189, 197–203, 109 S.Ct. 998, 1004–07, 103 L.Ed.2d 249 (1989). Instead, such duties attach in circumstances where the state, by affirmative exercise of its power, so restrains an individual's liberty that it renders him unable to act on his own behalf. *Id.* Furthermore, the United States Constitution does not obligate the government to remove obstacles not of its own creation, to an individual's ability to exercise his Constitutional rights or enjoy his liberty interests. *Tilden v. Hayward,* Del. Ch., C.A. No. 11297, 34–36, 1990 WL 131162, Chandler, V.C. (Sep. 10, 1990).

DFS agreed to help Ms. Morgan because she was having difficulty in meeting her sons' needs. Ms. Morgan voluntarily placed her sons in the physical custody of Ms. Peters, due to her unemployment and housing situation. By agreeing to help Ms. Morgan, DFS *did not in any way restrain her liberty or create any obstacles to her ability to regain physical custody of her children or to relate with them as a family.* In fact, Ms. Morgan had the capability to resolve her problems on her own, as demonstrated by the fact that Ms. Morgan was able to obtain employment on March 4, 1994. In addition, Ms. Morgan has found a place to reside. If Ms. Morgan's mother and stepfather would permit the children to live in their home, Ms. Morgan and her children could live together and relate to each other as a family.

■ DFS's involvement in this case did not render Ms. Morgan unable to exercise her Constitutional rights. Therefore, DFS did not have an affirmative obligation to provide Ms. Morgan with any of the services enumerated in 29 *Del.C.* § 9003.

Section 1983 provides a remedy for violations of rights conferred by the United States Constitution and by federal statutes. Family Court may hear a § 1983 claim, as long as the underlying federal question arises in a case over which the Court already has jurisdiction. In this case the Court has juris-

diction to consider Ms. Morgan's federal claim against DFS, alleging a violation of her rights under the United States Constitution. However, this Court finds that DFS neither restrained Ms. Morgan's liberty interests in having custody of her children and relating with them as a family, nor had an obligation to provide her with any reunification services. Since Ms. Morgan's Constitutional rights have not been violated, her § 1983 claim must fail.

**IT IS SO ORDERED.**