IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ERIC CLARKE,[1] | § | |
| | § | No. 381, 2014 |
| Respondent Below-Appellant, | § | |
| | § | |
| | § | Court Below—Family Court |
| v. | § | of the State of Delaware, |
| | § | in and for Sussex County |
| TAMMY CHARLES, | § | File No. CN99-10284 |
| | § | Petition No. 13-03102 |
| Petitioner Below-Appellee. | § | |
| | § | |

Submitted: February 6, 2015
Decided: April 8, 2015

Before **STRINE**, Chief Justice, **VALIHURA**, and **VAUGHN**, Justices.

## **O R D E R**

This 8th day of April 2015, upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1) The appellant, Eric Clarke ("Husband"), filed this appeal from an order of the Family Court, dated June 17, 2014, which divided the parties' property ancillary to their divorce. We find no merit to the appeal. Accordingly, we affirm the Family Court's judgment.

(2) The record reflects that the parties were married on October 26, 1985, separated on August 12, 2012, and divorced on May 15, 2013. It was the first marriage for both parties. Both parties were 51 at the time of the hearing, and both

---

[1] The Court previously assigned pseudonyms to the parties pursuant to Supreme Court Rule 7(d).

were in good health. Both parties worked full-time throughout their marriage. Although Husband made a higher salary than Wife during most of their marriage, Wife had a higher salary than Husband in the four years preceding their divorce. Husband, a licensed journeyman electrician, had been laid off by the employer for whom he had worked for 30 years in January 2013. At the time of the ancillary hearing, Husband was employed intermittently, earning an hourly wage of $35.96 per hour. His W-2 for 2012 reflected a yearly income of $65,000. Wife's W-2 for 2012 reflected an annual salary of $84,974, although her annual gross income had increased to $87,791 by the time of the hearing.

(3) Both parties were represented by counsel at the ancillary hearing. Before the hearing, the parties were able to stipulate to the value of many of their assets but disagreed about many other significant issues, including the value of several vehicles, who should retain the marital home, which assets (or portions thereof) and debts should be included in the marital estate, and the percentage of the marital estate to be distributed to each party. Both parties testified at the hearing. Wife sought a 50/50 distribution of the marital estate. Husband sought a 60/40 distribution in his favor. Both parties expressed a desire to retain the marital home. Husband requested that each party be allowed to retain their own pensions without distribution to the other.

(4)    Following the hearing, the Family Court, among other things, ordered that the marital estate be divided on a 50/50 basis given the parties' equal contributions to the marriage. The court also ordered that the marital home be sold because the court found no compelling reason to award either party the right to retain it. The Family Court acknowledged that some portion of Husband's Vanguard annuity, valued at $292,571 at the time of separation, was premarital but concluded that the full value would be divided 50/50 because Husband had failed to provide any evidence as to the value of the premarital portion.[2] After valuing and dividing the parties' assets and debts, the Family Court ordered that: (i) Husband owed Wife $78,060.82 for the division of the marital property; (ii) the marital home should be sold and the proceeds divided equally; and (iii) Husband owed Wife $72,630 from his tax-deferred assets. Husband appeals that ruling.

(5)    In his opening brief on appeal, which was filed *pro se*, Husband challenges the Family Court's conclusion that the parties' contributed equally to the marriage. He challenges the Family Court's valuation of many of the parties' assets, including several assets whose value he stipulated to prior to the ancillary hearing. He contends that the premarital portion of his annuity is worth $75,000

---

[2] Husband had contributed to the annuity for 30 years. It was undisputed that Husband had contributed to the annuity for 3 years before the parties married, but Husband did not timely provide Wife with evidence of the premarital value of the annuity. On appeal, Husband asserts that the premarital value of his annuity is $75,000, almost one-quarter of the entire value of the annuity. His contention is not supported by the evidence in the record.

3

and that Wife should not be awarded any portion of his pension or annuities. He also challenges Wife's credibility. He states his intention to keep "my house and garage, my car, my pension and annuity."

(6) The Family Court has broad discretion when dividing marital property pursuant to 13 Del. C. § 1513.[3] On appeal from a property division order, we review the facts and the law, as well as the inferences and deductions made by the trial judge.[4] Conclusions of law are reviewed *de novo*. If the law was correctly applied, we review for an abuse of discretion. We will not disturb findings of fact unless they are clearly wrong and the doing of justice requires their overturn.[5] Similarly, questions of credibility will not be disturbed on appeal unless clearly erroneous.[6]

(7) In this case, the Family Court carefully considered the evidence and all of the relevant factors under 13 Del. C. § 1513(a)[7] in dividing the parties'

---

[3] *Linder v. Linder*, 496 A.2d 1028, 1030 (Del. 1985).

[4] *Wife (J.F.V.) v. Husband (O.W.V., Jr.)*, 402 A.2d 1202, 1204 (Del. 1979).

[5] *Forester v. Forester*, 953 A.2d 175, 179 (Del. 2008).

[6] *Wife (J.F.V.) v. Husband (O.W.V., Jr.)*, 402 A.2d at 1204.

[7] DEL. CODE ANN. tit. 13, § 1513(a) provides that, in determining how to equitably divide marital property between the parties following their divorce, the Family Court is required to consider the following the factors: (1) the length of the marriage; (2) any prior marriage of the parties; (3) the age, health, station, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties; (4) whether the property award is in lieu of alimony; (5) the opportunity of each for future acquisitions of capital assets and income; (6) the contribution or dissipation of each party in the acquisition, preservation, depreciation or appreciation of the marital property, including the contribution of a party as homemaker, husband or wife; (7) the value of the property set apart to each party; (8) the economic

4

marital estate. Having carefully considered the parties' respective positions and the record on appeal, we find it manifest that the judgment below should be affirmed on the basis of the Family Court's well-reasoned decision dated June 17, 2014. The Family Court's findings of fact are supported by the evidence before it, and we find no error in its division of property.[8]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

<u>James T. Vaughn, Jr.</u>
Justice

---

circumstances of each party at the time the division is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the party with whom any children of the marriage will live; (9) whether the property was acquired by gift, except those gifts excluded by paragraph (b)(1) of this section; (10) the debts of the parties; and (11) tax consequences.

[8] *Gregory J.M. v. Carolyn A.M.,* 442 A.2d 1373, 1374 (Del.1982).