Samuel C. HANBY, S. C. Hanby, Inc., and Olen F. Phillips Realty Company, Plaintiffs Below, Appellants,

v.

Virginia L. HANBY, Defendant Below, Appellee.

Supreme Court of Delaware.

July 25, 1968.

Andrew B. Kirkpatrick, Jr., of Morris, Nichols, Arsht & Tunnell, Wilmington, for appellants.

Frank O'Donnell, of O'Donnell, Hughes & Lowicki, Wilmington, for appellee.

WOLCOTT, C. J.; and CAREY, Justice, and O'HORA, Judge, sitting.

WOLCOTT, Chief Justice:

This is an appeal from a judgment of the Court of Chancery refusing to impress resulting trusts upon the share of a former wife in three separate properties conveyed to her and her former husband as tenants by the entireties. The former husband appeals.

Appellant and appellee were married in 1953. Prior to their marriage, and subsequently, they were associated together in the same real estate business. Before their marriage, they entered into an antenuptial agreement by the terms of which each disclaimed any interest in the then-owned or thereafter-to-be-acquired real or personal property of the other. During the existence of the marriage, the parties led what the appellant describes as "separate economic lives".

Appellant owned the dwelling where the parties lived. He paid the taxes, maintenance costs and mortgage payments on the dwelling. He also paid for his own clothes and for the major portion of entertainment expenses. Appellee paid for her own clothing, electric service, telephone, laundry, garbage collection, a part-time maid, and the household food. Both parties kept separate checking accounts and investments.

The parties commenced having marital difficulties and, shortly thereafter, separated in May, 1962, and were divorced in 1965. Appellant requested appellee after the divorce to join in deeds extinguishing whatever interest she had acquired in three certain properties conveyed to them during their marriage as tenants by the entireties. She refused.

The three properties in question are a lot in a development in Charlotte County, Florida, acquired in 1957; 2406 Market Street, and 1010 Jefferson Street, Wilmington, Delaware, acquired in 1961.

■ Appellant seeks the aid of the familiar rule that when one pays the consideration for the purchase of realty, but takes title in the name of another, there is a presumption that the person supplying the purchase price intends that the property will inure to his benefit and not to the benefit of the titleholder, and that a resulting trust will be imposed for his benefit. The presumption, however, may be rebutted by other pertinent facts indicating the actual intent of the person to make a gift to the titleholder. Greenly v. Greenly, 29 Del.Ch. 297, 49 A.2d 126.

■ In the precise situation before us, there is a further consideration to be noted.

Appellant paid the initial down payment on the Wilmington properties and all of the consideration for the Florida property and, yet, title to them was taken in his and his wife's name as tenants by the entireties. When such is the case, a rebuttable presumption arises that he intended a gift to his wife. Greenly v. Greenly, supra; Owens v. Owens, 38 Del.Ch. 220, 149 A.2d 320.

The burden was thus cast upon the appellant to overcome the presumption that he intended a gift to his then wife. The Vice Chancellor held that he had failed to do so.

We consider first the Florida property. The evidence is that appellant and his real estate business were promoting the sale of lots in the Florida development in cooperation with the Florida promoter. Appellant purchased the lot in question and paid for it in full. He was then sent a questionnaire as to how title should be taken, which was returned with directions to convey to appellant and appellee as husband and wife.

■■ Appellant, since the purchase, has paid all taxes and other charges on this property, but this alone is not sufficient under Florida law, which requires "conclusive evidence" to overcome the gift. Wilburn v. Wilburn, Fla.App., 143 So.2d 518. The Vice Chancellor was correct in so holding.

The two Wilmington properties may be grouped together since, basically, they present the same factual situation. The purchase of both properties was contracted for by the appellant alone. The purchases were made as investments. In each instance, however, appellant sought the advice and assistance of his wife. The deeds conveyed the properties to him and his wife as tenants by the entireties. This fact raises the presumption of gift to his wife. He testified that at the time of settlement he did not know the conveyance was to joint grantees. However, he soon thereafter learned of it and made no protest.

Appellant argues that he paid all taxes, maintenance and mortgage payments, and that this is an indication that he had never intended his wife to have an interest in the properties. The fact, however, is that the mortgage and maintenance charges were paid out of the rent of the properties.

■ Of overriding importance, however, is the fact that the appellee's signature was required on the bonds and mortgages in order to finance the purchases. Approximately 90% of the purchase price was borrowed, for which the appellee became liable. This circumstance, the agreement to become liable, was consideration from appellee to appellant, and supports the conclusion that appellant's intention at the time was for appellee to have an interest in the properties. Bullen v. Davies, Del., 209 A.2d 81.

We think the Vice Chancellor was correct in holding that appellant had failed to overcome the presumption of a gift in the case of the two Wilmington properties.

■ Finally, appellant argues that the Vice Chancellor should not have dismissed the complaint, but should have reserved jurisdiction in order to conduct an equitable partition of the realty rather than force the parties to partition in the Orphans' Court under 25 Del.C. § 721 et seq.

■ It is, of course, the general rule that when equity has jurisdiction over a cause for any purpose, it may retain the cause for all purposes and proceed to a final determination of not only equitable but legal rights. 1 Pomeroy's Equity Jurisprudence (5th Ed.) § 181. This general rule is, however, subject to the exception that when the complaining party fails to establish the facts relied on to sustain equity jurisdiction, and no equitable relief

is granted, the cause will be dismissed. 1 Pomeroy's Equity Jurisprudence (5th Ed.) § 237d. And see Bullen v. Davies, supra, at page 85.

The judgment below is affirmed.