DUFFY, Justice:
This appeal brings up for review an order of the Family Court disposing of marital property after divorce. The central issue concerns the consequence of a conveyance of the family residence by the husband to the wife.
I
The relevant facts are these:
Each spouse had a prior marriage. The husband’s former wife had died, leaving him as the sole owner of the real property now in issue. The parties were married in 1974 and, five weeks later, the husband conveyed all of his interest in the residence to his wife. The parties were divorced in 1978.
In an ancillary proceeding, the Trial Judge, following a prior decision by another Judge of the Family Court in a different case, ruled that the conveyance by the husband to his spouse during the marriage constituted a valid agreement between the parties to exclude the residence from “marital property” which is subject to division under the Divorce Act. For that reason, he concluded that the property belonged only to the wife and was not subject to division.[1] The husband then docketed this appeal.
II
Under a statute which became effective on July 3, 1974, the Family Court has jurisdiction to dispose of marital property after divorce. 13 Del.C. § 1513.[2] The Statute *158 was enacted as part of a comprehensive revision of the Delaware Divorce Act. See 59 DelL. ch. 350.
Judging by the number of cases which come to this Court on appeal from Family Court orders disposing of property, there is plenty of litigation under § 1513.[3] While we have considered many such cases, we take this opportunity to review the administration of the Statute by the Trial Court.[4] Clearly, the Court’s power under the Statute is large, cf. Husband T.N.S. v. Wife A.M.S., Del.Supr., 407 A.2d 1045 (1979); Wife (L.R.) v. Husband (N.G.), supra; J.D.P. v. F.J.H., Del.Supr., 399 A.2d 207 (1979); and the impact of its order on the future life of former spouses, as they go their separate ways after days or decades of marriage, can be enormous. It is, therefore, essential in the public interest that the Judges of the Court who exercise its statutory power (most often without review) apply the same basic approach in the administration of § 1513.
We recognize that the exercise of discretion is for the Trial Court, which has an expertise based on daily experience with the Statute, but we cannot avoid our responsibility for consistency' in the administration of the law.
As we have noted, § 1513 confers upon the Family Court broad powers to dispose of “marital property” after divorce. In essence, the Statute includes these significant provisions:
(1) The Court’s power applies to all “marital property”;
(2) That power may be invoked by “either party”;
(3) That power applies to “all property acquired by either party” after the marriage, with only three exceptions:
(a) property excluded by agreement of the parties;
(b) property acquired in exchange for property which had been acquired before marriage;
(c) the increase in value of property acquired before marriage.
(4) Title to the marital property does not determine how it shall be divided or assigned;
*159 (5) The Court’s duty is to “equitably divide” all marital property after considering “all relevant factors including” the eleven listed in the Statute.
In an effort to establish a uniform approach in the administration of the Statute, the following procedure is stated for the guidance of the Family Court in cases tried after the date of this opinion:
(1) The Court shall act only “upon request of either party.”
(2) After the necessary factual record has been made, the Court shall make findings as to the value of all marital property, including the identity of each significant item of property, the value thereof and the nature of title thereto.
(3) The Court shall then determine which items of marital property, and value thereof, shall be assigned to each spouse:
(a) In making such determination, the Court shall apply the burden-of-proof test generally applicable in civil proceedings; this is to say that the party making the “request” has the burden of proving by a preponderance of the evidence the value which he claims should be assigned to him. Cf. 29 Am.Jur.2d Evidence §§ 127, 1163.
(b) In making such determination (particularly when the grant of a request will result in a transfer of title to property from one spouse to the other), the Court shall apply the statutory factors in § 1513.
(4) After making the determination required by (3) above, the Court shall make such order as is necessary to implement its conclusions, regardless of how title is held.
(5) Title to property shall govern its disposition if the party making the request does not meet the requisite burden of proof.
When the Family Court is adjudicating § 1513 cases, it has a mandate to do what it “deems just.” And that requires flexibility. But a uniform approach, as opposed to a result, is important. Therefore, the Court should depart from these guidelines only if the special circumstances of the case require it. In that event, it will be helpful for review purposes, if the Family Court will make such circumstances and its conclusions therefrom a matter of record in the case.
A few comments about title should be made. Under § 1513(c), the Family Court is empowered to divide and assign marital property regardless of how title is held, but it does not follow that the statutory purpose is to disregard title in making the division or assignment. On the contrary, title to property is a significant factor which is recognized in § 1513(a); thus, under subparagraph (3) the “estate” of each party is a relevant factor; under (6) the marital property “contribution” of each spouse is significant; and under (9) the Court is directed to consider whether the property was acquired by gift, bequest, devise or descent. All of these factors clearly concern title and its relationship to the total value of the marital property in issue.
In our view, § 1513(c) gives the Court broad power over marital property without regard to how it is titled. But such power is vested for control and disposition purposes, not as a direction to the Court to disregard title in determining what division or assignment should be made. If the rule were otherwise, a spouse who had failed to carry the burden of proving the disposition he sought would still share in the property if title thereto was of no consequence.
Ill
Before considering the facts of this case, which concern a gift from husband to wife, we point out that § 1513(a)(9) is one of the most troublesome provisions in the Divorce Act. And we are unaware of any legislative history or other source which would provide guidance for construction or application of the “gift” provisions of § 1513(a). In addition, we note that § 307 of the Uniform Marriage and Divorce Act, from which § 1513 is largely copied, does not include this provision. In fact, “property . acquired by gift, bequest, devise or descent” is excluded from the definition of “marital property” under the Uniform Act.
*160 Our Statute provides that all property acquired by “gift” (or by bequest, devise or descent) after marriage is marital property. In the absence of any indication to the contrary, we take this to mean that if, during the marriage, either spouse receives a “gift” from any person, including the other spouse, the Statute makes the property received marital property and subject to division by the Family Court, if the parties are divorced. The only possible statutory exception occurs if the parties agree that the property received as a gift by one spouse is not to be marital property. § 1513(b)(2).[5]
Turning now to this case, the Trial Judge determined, apparently as a matter of law, that the conveyance to the wife was an “agreement” under § 1513(b)(2) and thus not marital property. That was error.
A gift, of course, is a form of agreement. This is to say that it involves (for example) a transfer without consideration of an interest in property by one spouse to the other, and an acceptance of that transfer and interest by the other spouse. Acceptance is generally an essential element of an inter-vivos gift. 38 Am. Jur.2d Gifts § 34. Such transfer and acceptance (a “gift”) may be an “agreement” within the meaning of § 1513(b)(2), but not necessarily so. Whether it is or not depends upon the facts.
Manifestly, conveyances are made for many different reasons, and that includes a conveyance by one spouse to another. But several Delaware cases have considered the consequence of the latter kind of transfer.
In Hanby v. Hanby, Del.Supr., 245 A.2d 428 (1968), Chief Justice Wolcott, writing for this Court, held that when a spouse (in that case, a husband) takes title to real property in his name and his wife’s name as tenants by the entireties, “a rebuttable presumption arises that he intended a gift to his wife.” 245 A.2d at 430. That ruling clearly followed earlier Delaware decisions to the same effect. See Owens v. Owens, Del.Supr., 149 A.2d 320 (1959); Greenly v. Greenly, Del.Ch., 49 A.2d 126 (1946). See also the later opinion by Vice Chancellor Short in Marsh v. Marsh, Del.Ch., 261 A.2d 540 (1970). Although the facts of those cases differ from those before us, the principle is applicable here. This is to say that when one spouse conveys title to real property to the other, there arises a rebuttable presumption that such spouse thereby intended to and did make a gift of the interest conveyed to the other spouse.
Thus, in 1974, when the husband conveyed all of his interest in the residence to his wife, he presumptively did so as a gift to her at that time. But that presumption is rebuttable and, on request, the husband is entitled to a hearing so that he may have an opportunity to rebut it. Such a hearing begins with the Hanby presumption; that is, the conveyance was intended as a gift to the wife. If the husband rebuts that presumption, then the Court will make appropriate findings, as to the terms of the conveyance. If the husband does not rebut the presumption, then, as of 1974, the finding will be that he made a gift of the residence to his wife.
But a finding by the Trial Court that the transfer was a gift is not necessarily dispositive of the critical question, which is this: did the parties agree, in 1974 or thereafter, that the residence was not to be marital property? The wife contends that the spouses did make such an agreement, and the burden is on her to prove it. And to do so, she must overcome the presumption, created by the Statute after divorce, that all property acquired by either of them subsequent to the marriage (including property received by a spouse as a gift from the other spouse) is marital property. § 1513(b).
If the Court finds that the husband made a gift of the property to the wife in 1974, but the parties did not agree that the residence be excluded as marital property, then under the Statute it is subject to divi *161 sion and assignment. Cf. Husband T.N.S. v. Wife A.M.S., supra.
In other words, § 1513(a) makes all property acquired by gift marital property subject to division by the Family Court. The Statute does not distinguish between donors or otherwise indicate that an inter-spousal transfer is to be treated any differently than a transfer by gift from a third person.
To sum up:
(1) The 1974 conveyance is presumptively a gift from husband to wife. The husband has the burden of rebutting such presumption and proving the terms which he alleges.
(2) If it is determined that the conveyance was a gift, it is presumptively marital property subject to division under the Statute. The wife has the burden of rebutting the presumption by proving an agreement by the parties to exclude it as marital property.
Reversed and remanded for proceedings consistent herewith.

. 13 Del.C. § 1513(b)(2) of the Divorce Act provides:
“ • • . ‘[Mjarital property’ means all property acquired by either party subsequent to the marriage except:
(2)Property excluded by valid agreement of the parties; . . ..”

. 13 Del.C. § 1513 provides in part as follows:
“(a) In a proceeding for divorce or annulment, the Court shall, upon request of either party, equitably divide, distribute and assign the marital property between the parties without regard to marital misconduct, in such proportions as the Court deems just after considering all relevant factors including:
(1) The length of the marriage;
(2) Any prior marriage of the party;
(3) The age, health, station, amount and sources of income, vocational skills, employ-ability, estate, liabilities and needs of each of the parties;
(4) Whether the property award is in lieu of or in addition to alimony;
(5) The opportunity of each for future acquisitions of capital assets and income;
(6) The contribution or dissipation of each party in the acquisition, preservation, depreciation or appreciation of the marital property, including the contribution of a party as homemaker or husband;
(7) The value of the property set apart to each party;
(8) The economic circumstances of each party at the time the division of property is to become' effective, including the desirability of awarding the family home or the right to *158 live therein for reasonable periods to the party with whom any children of the marriage will live;
(9) Whether the property was acquired by gift, bequest, devise or descent;
(10) The debts of the parties; and
(11) Tax consequences.
(b) For purposes of this chapter only, ‘marital property’ means all property acquired by either party subsequent to the marriage except:
(1) Property acquired in exchange for property acquired prior to the marriage;
(2) Property excluded by valid agreement of the parties; and
(3) The increase in value of property acquired prior to the marriage.
(c) All property acquired by either party subsequent to the marriage is presumed to be marital property regardless of whether title is held individually or by the parties in some form of co-ownership such as joint tenancy, tenancy in common or tenancy by the entirety. The presumption of marital property is overcome by a showing that the property was acquired by a method listed in subdivisions (1) through (3) of subsection (b) of this section.”
Other provisions authorize the Court to impose a lien on marital property, to require certain action as to life insurance and to order execution of a writing. § 1513(d), (e), (f).

. There is a right of appeal (on the record) to this Court from a final judgment of the Family Court ordering a property division. 13 Del.C. § 1522.

. We judicially notice what appears to be a differing view of § 1513: thus, for example, in M. v. M., No. 34, 1979 (now on appeal in this Court), we are informed that the parties were advised by the Court that a “division of marital property is usually on an equal, 50/50 basis with adjustment made for one party or the other depending on the weight given to” the statutory factors in § 1513; and in Wife (L.R.) v. Husband (N.G.), Del.Supr., 406 A.2d 34 (1979) (No. 261, 1977), the Family Court concluded .that § 1513(c) “stands for the proposition that the nature of the title or interest in property is not important” to its disposition. In the latter case, the Court also observed that it is the general approach of many Family Court Judges “in a marriage of short duration [to place] each party . . . back in approximately the same economic posture as each occupied prior to the marriage with some allowance for any detriment which may have been incurred by a party in reliance on the marriage.”

. The exceptions permitted by § 1513(b)(1) and (3) both relate to property acquired before marriage so, by definition, they do not apply to a gift received after marriage.