IN THE SUPREME COURT OF THE STATE OF DELAWARE

CASSIDY A. MOORE GREENE,1 §
 § No. 573, 2013
 Respondent Below, §
 Appellant, § Court Below—Family Court of
 § State of Delaware in and for
 v. § New Castle County
 §
FRANK W. GREENE, § File No. CN13-01243
 § Pet. No. 13-01500
 Petitioner Below, §
 Appellee. §

 Submitted: September 12, 2014
 Decided: November 25, 2014

Before HOLLAND, RIDGELY and VALIHURA, Justices.

 ORDER

 This 25th day of November 2014, upon consideration of the parties’

briefs and the Family Court record, it appears to the Court that:

 (1) The appellant, Cassidy A. Moore Greene (hereinafter “Wife”),

filed this appeal from the Family Court’s August 27, 2013 order that decided

issues of property division and alimony ancillary to the parties’ divorce.

Wife also appeals the Family Court’s September 24, 2013 order that granted

in part and denied in part Wife’s motion for reargument. Having found no

merit to the appeal, we affirm the judgment of the Family Court.

1
 By Order dated October 22, 2013, the Court sua sponte assigned pseudonyms to the
parties. Del. Supr. Ct. R. 7(d).
 (2) In an appeal from an order dividing marital property and

determining alimony, this Court reviews the facts and the law as well as the

inferences and deductions made by the Family Court.2 We will not disturb

findings of fact unless they are clearly wrong and justice requires that they

be overturned.3 Conclusions of law are reviewed de novo.4 If the Family

Court has correctly applied the law our standard of review is abuse of

discretion.5 When the determination of facts turns upon the credibility of

witnesses who testified under oath before the trial judge, this Court will not

substitute its opinion for that of the trial judge.6

 (3) The parties in this case married in February 2011, separated in

July 2012, and divorced in March 2013. It was the second marriage for

both. The appellee, Frank W. Greene (hereinafter “Husband”), testified that

he was married to his former wife for forty-one years until her death in 2009.

Wife testified that she was previously married to a West African prince and

was divorced in 1982.

 (4) The Family Court held a hearing on August 13, 2013. In the

August 27, 2013 order that followed, the court (i) denied Wife’s request for
2
 Forrester v. Forrester, 953 A.2d 175, 179 (Del. 2008).
3
 Id.
4
 Id.
5
 Id.
6
 Wife (J.F.V.) v. Husband (O.W.V.), 402 A.2d 1202, 1204 (Del. 1979).

 2
alimony, (ii) valued and divided the parties’ interests in a condominium

(hereinafter “condo”), and (iii) allocated responsibility for the payment of a

$152,000.00 home equity loan.

 (5) In her motion for reargument of the August 27, 2013 order,

Wife claimed that the Family Court erred (i) when denying her request for

alimony, (ii) when placing a value on the condo in the absence of an expert

opinion, (iii) when awarding her only 5% interest in the condo, and (iv)

when holding her responsible for half of the home equity loan. Also, Wife

claimed that the court did not address her request for personal property. In

its order of September 24, 2013, the Family Court denied all of Wife’s

claims except one. Agreeing that it erred when valuing the condo, the court

revalued the condo and amended the August 27, 2013 order accordingly.

 (6) In her first claim on appeal, Wife argues that the Family Court

erred when ruling that she was ineligible for alimony. To receive alimony, a

person must prove that “he or she is a dependent party” under title 13,

section 1512 of the Delaware Code. Under that section, a person may be

awarded alimony only if the person “[l]acks sufficient property, including

any award of marital property made by the Court, to provide for his or her

reasonable needs”7 and “[i]s unable to support himself or herself through

7
 13 Del. C. § 1512(b)(2).

 3
appropriate employment.”8 Also, absent unusual circumstances not present

here, a person receiving alimony must make affirmative, good faith efforts to

seek such employment.9

 (7) In this case, the Family Court determined that Wife was not

dependent and therefore was not eligible for an award of alimony. The court

made its dependency determination based, in part, on Wife’s testimony

about her income circumstances, which the court found “vague, very general

and unspecific.” The court summarized Wife’s testimony as follows:

 According to Wife, she currently resides in an
 apartment leased by Husband in Washington, DC
 with a monthly rental of $2,175.00. Wife reports
 that she is currently not employed but would like
 to open a paint-your-pet business. In the past, she
 claims to have been married to a Prince and
 worked in Beverly Hills, California, as a medical
 referral person. Apparently, she referred patients
 to certain medical centers and physicians. She was
 friends with prominent entertainers and celebrities.
 Her most recent position was as a broker working
 with both lenders and investors for improvements
 on the infrastructure of African countries and
 Jamaica. She stated she had personal contacts with
 the World Bank and has some projects pending for
 which she hopes to receive significant
 commissions.

 When questioned how she has been supporting
 herself since these parties separated, she reported

8
 13 Del. C. § 1512(b)(3).
9
 13 Del. C. § 1512(e).

 4
 that she has received help from her mother and her
 sister. Wife testified that her sister is married to
 the Prince of Zaire who she reported to be the third
 wealthiest person in the world. She also stated that
 she and her mother are raising her sister’s children
 in America where they attend school. Wife argues
 that it is not fair for her family to support her.

 (8) When denying Wife’s request for alimony, the court found that

Wife was “more than capable of supporting herself,” and that she had “made

no effort [to become self-supporting], other than whatever she is doing in her

brokerage business, since her separation slightly over one year ago.”

Moreover, the court found that “Wife should have considerable funds

remaining from her home equity loan withdrawals,” noting that it had

“allowed her to retain $76,000.00.”

 (9) Under title 13, section 1512, the Family Court has broad

powers to determine what, if any, alimony is to be awarded.10 Having

reviewed the parties’ positions on appeal and the Family Court record, we

conclude that Wife’s claims challenging the denial of alimony are without

merit. There is no basis for disturbing the factual findings of the Family

Court and no errors of law. The court’s denial of alimony reflects due

consideration of the governing statute, and the court’s deductions and

inferences are the product of a logical and deductive reasoning process. On

10
 Thomas v. Thomas, ___ A.3d ___, 2014 WL 4854202, at *2 (Del. Oct. 1, 2014).

 5
appeal, Wife has failed to identify any factual findings or inferences made

by the Family Court that are clearly wrong, unsupported by the record or

illogical.

 (10) In her second claim on appeal, Wife argues that the Family

Court erred when holding her responsible for repaying half of the parties’

home equity loan. Wife argued in the Family Court that her access to, and

use of, the credit were a gift from husband. On appeal, Wife further argues

that Husband “is in a far better position to repay the loan, since [she] was

unemployed and making no income when the debt was incurred.” Also,

Wife argues that the Family Court had no authority to hold her responsible

for the home equity loan because the loan was secured by out-of-state non-

marital property that was owned by Husband and his daughter.

 (11) Under title 13, section 1513 of the Delaware Code, the Family

Court has broad powers to allocate assets and debts ancillary to a divorce.11

In this case, the court ruled that both Husband and Wife were responsible for

repaying the home equity loan because both parties signed the loan

documents. Moreover, the court determined that the home equity loan,

which was “signed for by both parties but totally utilized by Wife . . . for her

sole use and enjoyment,” must be repaid 50% by Wife and 50% by Husband,

11
 Id.

 6
because Husband had “gifted [Wife] access to the funds. Each owes

$76,000.00 to the [the lender].”

 (12) Having reviewed the parties’ positions on appeal and the

Family Court record, we conclude that Wife’s claims related to the

allocation of responsibility for the home equity loan are without merit.

There is no basis for disturbing the factual findings of the Family Court and

no errors of law. The court’s ruling reflects due consideration of the

governing statute, and the court’s deductions and inferences are the product

of a logical and deductive reasoning process. On appeal, Wife has failed to

identify any factual findings or inferences made by the Family Court that are

clearly wrong, unsupported by the record or illogical.

 (13) Wife’s third claim on appeal challenges the Family Court’s

valuation and division of the condo. Wife claims that the Family Court

erred when valuing the condo in the absence of an expert opinion and when

awarding her only 5% interest in it. Wife also claims that the court erred

when it ruled that Husband could defer paying Wife for her share in the

condo until August 1, 2014, and, if necessary, use Wife’s share in the condo

to partly pay off Wife’s share of the home equity loan.

 (14) The record reflects that Husband purchased the condo with his

former wife in 2008. Husband added Wife’s name to a new deed in 2011.

 7
When valuing the condo and determining the parties’ interests in it, the

Family Court ruled:

 It is undisputed . . . that 100% of the purchase
 price for the [condo] came from Husband.
 Husband has also been solely responsible for all
 taxes and condominium fees since 2008 and for the
 slightly over one year that these parties actually
 resided together. In light of the marriage’s short
 duration and Husband’s sole contribution toward
 purchasing and maintaining this vacation home,
 the Court awards Husband 95% of the equity in
 this property. In recognition of the gift made by
 husband to Wife . . . the Court awards her 5%.
 The only evidence of fair market value is
 Husband’s reported value of $700,000.00.
 Husband, therefore, owes Wife $35,000.00 for her
 interest in the property.

 (15) Later, when ruling on Wife’s motion for reargument, the court

amended its $700,000.00 valuation, after determining that it had overlooked

Wife’s reported value of $1,000,000.00. In the absence of an appraisal the

court “[found] it fair to split the difference between the two opinions of the

parties and revalue [the condo] at $850,000.00,” which “increase[d] Wife’s

interest in the property to $42,500.00.”

 (16) The court also granted Husband the right to defer paying Wife

for her share of the condo until August 1, 2014. The court ruled that if, prior

to August 1, 2014, the lender sought the full amount of the $152,000.00

home equity loan from Husband or foreclosed on Husband’s property that

 8
was pledged as collateral, Husband could use Wife’s $42,500.00 interest in

the condo to partly pay Wife’s $76,000.00 share of the home equity loan.

 (17) Having reviewed the parties’ positions on appeal and the

Family Court record, we conclude that Wife’s claims related to the valuation

and distribution of the condo, and Husband’s right to defer payment and to

use Wife’s interest in the condo to partly pay her share of the home equity

loan, are all without merit. There is no basis for disturbing the factual

findings of the Family Court and no errors of law. The Family Court’s

decision reflects due consideration of the governing statute, and its

deductions and inferences are the product of a logical and deductive

reasoning process. On appeal, Wife has failed to identify any factual

findings or inferences made by the Family Court that are clearly wrong,

unsupported by the record or illogical.

 (18) In her last claim on appeal, Wife contends that the Family

Court failed to consider and rule on her claim for “personal property.” The

hearing transcript reflects that Wife asked for property that she said was in

Husband’s possession, namely clothing, jewelry, bedroom furniture, and a

Steinway baby grand piano that Wife claims she and Husband bought

together in Delaware. Wife testified that the clothes, jewelry, and piano

 9
were at the house she shared with Husband in Wilmington, and that the

bedroom furniture was in the condo.

 (19) Husband disputed Wife’s testimony in toto. Denying that he

and Wife shared a house in Wilmington, Husband testified that he and Wife

lived in separate residences during the course of their marriage, he in a

house in Wilmington, and she in an apartment in DC. Husband denied

having any of Wife’s personal property at the house in Wilmington, and he

denied that there was bedroom furniture that was marital property at the

condo. Husband testified that the bedroom furniture in the condo was the

same bedroom furniture that he had prior to the marriage. Husband also

denied that Wife had any claim to the Steinway baby grand piano. Husband

testified that he purchased the piano thirty years ago in California.

 (20) Noting the discrepancy in the parties’ testimony about the

piano, the Family Court advised Wife that she had the burden of proving her

claim that the piano was marital property, and that she had not sustained that

burden.12 We agree with the Family Court’s ruling on the piano and further

conclude that Wife did not sustain her burden of proof with respect to the

clothes, jewelry, and furniture. With the parties’ testimony in equipoise, and

12
 In the equitable division of marital property, the party making a request for property
has the burden of proof by a preponderance of the evidence. Husband R.T.G. v. Wife
G.K.G., 410 A.2d 155, 159 (Del. 1979).

 10
in the absence of any competent credible evidence in support of Wife’s

personal property claim, we conclude that the Family Court’s implicit ruling

maintaining the status quo of the parties was not an abuse of discretion.13

 (21) Finally, Wife’s contention that the Family Court failed to rule

on her personal property claim is not supported by the record. As previously

noted, Wife’s personal property claim was one of several claims that the

Family Court rejected as without merit when ruling on her motion for

reargument.14

 NOW, THEREFORE, IT IS ORDERED that the judgment of the

Family Court is AFFIRMED.

 BY THE COURT:

 /s/ Henry duPont Ridgely
 Justice

13
 Accord Jorett v. Jorett, 1994 WL 665246 (Del. Nov. 21, 1994) (awarding parties the
assets each possessed at the time of the hearing after concluding that parties had failed to
provide the court with evidence to grant ancillary relief beyond the status quo at the time
of the hearing).
14
 See supra ¶ (5).

 11